IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:18cv123 (WOB-CJS)

AUTO-OWNERS INS. CO.,                                      PLAINTIFF

VS.               MEMORANDUM OPINION AND ORDER

WETHINGTON INS., LLC                                        DEFENDANT

This matter is before the Court on the parties' motions for summary judgment (Docs. 48, 49).

The Court previously heard oral argument on these motions and took the matter under submission so that the parties could attempt to resolve this case. Having been notified that those efforts were unsuccessful (Doc. 57), the Court now issues the following Memorandum Opinion and Order.

### *Factual and Procedural Background*

Defendant Wethington Insurance, LLC ("Wethington") is an independent insurance agency that obtains insurance for its clients from other insurance companies. (Doc. 49-1 at 1). Affordable Chimney Sweep, Inc. ("the Insured") asked Wethington to acquire "All-Risk" insurance for its business equipment. (Am. Compl. ¶ 11, Doc. 7).

Wethington applied to obtain coverage for the Insured from Plaintiff Auto-Owners Insurance, Co. ("Auto-Owners"). Wethington

and Auto-Owners entered into an Agency Agreement, which provided that Wethington would indemnify and hold harmless Auto-Owners "for all expenses associated with the investigation, defense, including attorney's fees, penalties, fines, judgments, interests and costs for claims" against Wethington. (Doc. 14-1 at 3).

Contrary to the Insured's request, the application that Wethington submitted to Auto-Owners requested "Named-Perils" coverage, rather than "All-Risk" coverage. (Doc 49-1 at 1). When the Insured incurred damage to a bulldozer, it was thus not covered under the policy. (*Id.*). Nonetheless, Auto-Owners indemnified the Insured for its $67,697.67 in damages. (Doc 48 at 3). It now seeks to recover that amount, plus other amounts provided under the Agency Agreement, from Wethington.

In the current motions, Wethington states that the Court may assume that Wethington was negligent, but it disputes the correct measure of damages.

### *Analysis*

**A. Legal Standard**

Under FED. R. CIV. P. 56(a), a movant is entitled to summary judgment if the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is one that may "affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Likewise, a genuine dispute of a

material fact exists if a reasonable jury "could return a verdict for the non-moving party." *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016). The movant bears the burden of showing an absence of a genuine dispute of material fact, *Celotex v. Catrett*, 477 U.S. 317, 323 (1986), and the Court must view the evidence in light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B. Undisputed Facts**

The Agency Contract between Auto-Owners and Wethington is valid and enforceable. (Doc. 52 at 1); (Doc. 50). The Agency Contract has a valid indemnity clause covering Wethington's "misrepresentation, act, error, or omission." (Doc. 52 at 1); (Doc. 49-3). Wethington had a duty to accurately request insurance coverage from Auto-Owners for the Insured. (Doc. 52 at 1).

Wethington erroneously requested Named-Perils coverage from Auto-Owners, (Doc. 49 at 2), and Auto-Owners issued that coverage. (Doc. 48 at 2). Thus, it is undisputed that Wethington breached its Agency Agreement with Auto-Owners.

Wethington argues that Auto-Owners would have issued an All-Risk policy had it been requested, but it cites no evidence that this is the case. (Doc. 48 at 4). Wethington points to William Wethington's deposition in which he testified that he had conversations with Auto-Owners' underwriters about All-Risk

3

coverage. (Doc. 52 at 4). However, Wethington also acknowledged in his testimony that it is the written application alone which determines the type of coverage issued. (*Id.*); (Doc. 49-2 at 20-21); (Doc. 50-2 at 52).

Thus, for the purposes of summary judgment, there is no genuine dispute of material fact as to liability. Indeed, Wethington acknowledges that its failure to request the proper insurance constituted the first material breach under the Agency Agreement. (Doc. 54 at 4). At issue is merely the measure of damages.

**C. Reasonably Certain Compensatory Damages**

In Kentucky, the purpose of breach of contract damages is to put the nonbreaching party in the position it "would have been in had the contract been fully performed" as a measure of expectancy damages. *Perkins Motors, Inc. v. Autotruck Fed. Credit Union*, 607 S.W.2d 429, 430 (Ky. Ct. App. 1980) (citing *Olive Hill Limestone Co. v. Gay-Coleman Const. Co.*, 51 S.W.2d 465 (1932)). Likewise, contract damages must be proven with reasonable certainty. *Pauline's Chicken Villa, Inc. v. KFC Corp.*, 701 S.W.2d 399, 401 (Ky. 1985) (citing Restatement (Second) of Contracts § 352 (1981)).

Here, the undisputed breach occurred when Wethington failed to properly request All-Risk insurance on behalf of the Insured. (Doc. 54 at 4). Though there is no precise definition of "reasonable certainty," *Pauline's Chicken*, 701 S.W.2d at 401,

4

Auto-Owners is seeking, in part, the actual sum of money paid to the Insured of $67,697.67. (Doc. 14-1 at 7). This calculation is sufficiently concrete to constitute "reasonable certainty."

Wethington cites cases from other jurisdictions in support of its causation theory that Auto-Owners is entitled merely to the difference in the All-Risk premiums and the Named-Perils premiums. (Doc. 48 at 7-13). Even if those cases had persuasive authority in Kentucky, Wethington fails to show that Auto-Owners would have, in fact, issued All-Risk insurance. (Doc. 48 at 8).

Construing the evidence in the light most favorable to Wethington, William Wethington, in his deposition, testified that he merely mentioned procuring All-Risk insurance to some underwriters at Auto-Owners. (Doc. 49-2 at 20-21); (Doc. 50-2 at 52). However, Mr. Wethington then testified that it is the written application submitted to Auto-Owners that determines what policy is issued. (Doc. 49-2 at 21); (Doc. 50-2 at 52).

Therefore, even assuming that an underwriter at Auto-Owners was aware of the Insured's references to all-risk insurance, it is irrelevant. Likewise, Wethington has simply asserted that Auto-Owners "would have" issued All-Risk insurance, but it points to no record evidence to support such speculation. (Doc. 48 at 4).

Moreover, the plain terms of the Agency Contract entitle Auto-Owners to indemnity from Wethington for the latter's errors or omissions.

5

Thus, construing the evidence in the light most favorable to Wethington, Auto-Owners is entitled to damages of $67,697.67.

**D. Liquidated Damages**

Auto-Owners also seeks prejudgment interest on the $67,697.67 on the basis that its damages are liquidated. (Doc. 49-1 at 20).

In Kentucky, "'liquidated damages' are those 'the amount of which has been made certain and fixed either by the act and agreement of the parties or by the operation of law to a sum which cannot be changed by the proof." *Hazel Enterprises, LLC v. Ray*, 510 S.W.3d 840, 843-844 (Ky. Ct. App. 2017). On the other hand, "'unliquidated damages' are 'damages that have been established by a verdict or award but cannot be determined by a fixed formula so they are left to the discretion of the judge or jury.'" *Id.*

Here, the breach of the Agency Agreement and resulting damages to the Insured's machinery was $67,697.67. (Doc. 48 at 3). This amount is sufficiently definite to constitute a liquidated amount. Thus, Auto-Owners is entitled to prejudgment interest on the sum of $67,697.67 pursuant to Kentucky law.

**E. Post-Judgment Interest**

Auto-Owners also seeks post-judgment interest under 28 U.S.C. § 1961(a). Under 28 U.S.C. § 1961(a), interest "shall be allowed on any money judgment in a civil case recovered in a district court." The purpose of allowing post judgment interest is to compensate a plaintiff for the loss accrued between the

6

ascertainment of the damage and payment. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-836 (1990). Thus, under federal law, Auto-Owners is also entitled to post-judgment interest on the sum of $67,697.67.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that:

(1) Plaintiff's motion for summary judgment (Doc. 49) be, and is hereby, **GRANTED**, and defendant's motion for partial summary judgment (Doc. 48) be, and is hereby, **DENIED**; and

(2) **On or before January 15, 2021,** defendant shall tender to the Court a proposed Judgment in accord with the above Opinion.

This 6th day of January 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge